CARBIA *v.* CARBIA ET AL.

## APPEAL from the District Court of San Juan.

No. 116.—Decided April 3, 1906.

JUDGMENT—CONSISTENCY IN PETITIONS OF COMPLAINT—EXECUTORS.—Where a judgment orders that a defendant, as testamentary executor of a third party, proceed to obtain the judicial settlement of the property left by the testator and continue the proceedings to a final settlement of the testamentary dispositions, it is in accord with a complaint wherein it is petitioned that the defendant be adjudged to carry out the testamentary provisions, render an accounting, and deliver to the heirs their proper shares in such property.

ID.—DELIVERY OF SHARE INHERITED.—The rendition of accounts and delivery of the shares inherited are acts which are subordinate to the division and adjudication of the property inherited, and consequently a judgment which extends the time within which an accounting and the delivery of the shares inherited shall be made, prayed for in the complaint, until such time as the testamentary proceedings shall have been terminated, is not on that account inconsistent with the petitions of the complaint.

ID.—TESTAMENTARY EXECUTORS—JUDICIAL SETTLEMENT OF THE PROPERTY OF THE DECEASED—PARTITION OF PROPERTY.—The law imposes upon executors the duty of proceeding to obtain the judicial settlement of the property of the testator by obtaining the appointment of persons to carry out the partition or division of the property inherited, and a judgment directing an executor to proceed to a final settlement of the estate does not impose upon the executor the obligation of making the partition and division himself, but the obligation of performing only those acts which by law he is bound to perform, one of which is that of applying for the appointment of a commissioner of partition and division.

ID.—MINOR HEIRS.—Judicial settlement of the property of a deceased person is necessary in cases where the heirs are minors.

APPEAL—EVIDENCE—BILL OF EXCEPTIONS—STATEMENT OF FACTS.—Where a bill of exceptions or statement of facts is not filed on appeal, the decision of the lower court on the facts in the case will be presumed to be correct.

The facts are stated in the opinion.

*Mr. Bosch* for appellant.

*Mr. José de Guzmán Benítez* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

Ramón Carbia Burt filed a complaint in the District Court of San Juan through his counsel, Attorney José Guzmán Benítez, dated April 26, 1905, and sworn to before the clerk of said court on the 27th of said month and year. This complaint

is directed against Manuel Carbia y Ruza, as the testamentary executor of Feliciano Carbia, and against his widow, Awilda Burt, the following facts being alleged:

"First. That Feliciano Carbia y Ruza died on June 7, 1891, leaving a will, executed in this city on the 5th of May of the same year, in which he stated that he was married to Awilda Burt, and constituted as his sole and universal heirs the said Awilda Burt, as to her usufructuary portion as a widowed spouse, and his legitimate children, Eulalia, Francisco, Ramón, the plaintiff, José, Feliciano, Enrique, Purificación, and César Carbia y Burt; appointing Avelino Elizalde executor in the first place, Manuel Carbia y Ruza in the second, and Laureano Sarria in the third, to discharge the executorship jointly or each one by himself.

"Second. After the death of the testator the heirs, Eulalia, José Feliciano, Purificación and César died, there being one posthumous child of the same marriage named Manuel and now 14 years of age; therefore, there survived the testator, Feliciano Carbia, the widow, Awilda Burt, and her children, Francisco, 30 years of age, who lives in Pontevedra, Spain; Ramón, the plaintiff, 28 years of age; Enrique, 21 years of age; and Manuel, 14 years of age, residents of San Juan, P. R.

"Third. The first executor designated having died and who, moreover, had renounced the trust, the other executor, Manuel Carbia y Ruza, entered upon the duties of executor and, in conjunction with the widow, took charge of the estate and administered it, without as yet having instituted testamentary proceedings and without having rendered an accounting of such administration to the heirs.

"Fourth. That they also collected the amounts of two insurance policies, and have failed to render any account of the disposition thereof.

"Fifth. That in addition to this, two urban estates now appear in the exclusive name of the widow, notwithstanding the fact that they were acquired with funds belonging to the hereditary estate."

The complaint closes with the prayer that the testamentary executor, Manuel Carbia y Ruza, be adjudged to settle the estate of the deceased, Feliciano Carbia y Ruza, and that he and the widow, Awilda Burt, be adjudged to render a substantiated account of the administration of the hereditary estate and of the amount recovered on the policies, which

amount the defendants received, the interest on the funds of the estate and amount of the policies, and that they deliver to the plaintiff his net share, the amount of which he conservatively fixes for the present at not less than $1,000, and to pay the costs.

This complaint was answered on behalf of the defendants by Attorney Wenceslao Bosch, who, after accepting the first two statements of fact of said complaint, alleges in opposition to the other facts that although the will of Feliciano Carbia states that his wife, Awilda Burt, did not bring anything to the marriage, the fact is that she contributed the proceeds of the sale of an estate which she possessed in St. Thomas, which proceeds were employed in paying the debts of the firm of J. Sala & Co.; it is denied that the defendant, Manuel Carbia Ruza administered the testamentary estate; it is alleged that Awilda Burt administered said estate, paying debts thereof, providing for the support and education of nine minor children until they attained their majority, defraying the expenses of the illnesses and funerals of four deceased children; that the widow has not instituted testamentary proceeding because all of the heirs owe her various sums, inasmuch as she has spent on them more than the amount due them as their share of the estate; that the institution of testamentary proceedings is expensive and she alone cannot defray such expense, nor is she obliged to do so, as all of the heirs must bear their share thereof, which heirs, being so by force of law, may each and every one of them institute such proceedings; that the plaintiff, Ramón Carbia Burt, is indebted to the widow in sums which exceed his hereditary share; and she denies, therefore, that the share of said plaintiff in the estate of his father, Feliciano Carbia, can reach a thousand dollars, or any other sum, the answer concluding with a prayer for the dismissal of the complaint, with the costs against the plaintiff.

In the prosecution of this action, documentary evidence and the tesimony of witnesses being introduced, a number of

witnesses having testified, as acknowledged by counsel for the appellant at the hearing, and the judge of the District Court of San Juan, after hearing the evidence, the allegations and the arguments, rendered judgment in open court on September 30, 1905, ordering Manuel Carbia Ruza, as the testamentary executor of Feliciano Carbia Ruza, without delay or evasion and in compliance with the provisions of sections 23 *et seq.* of the act relating to special legal proceedings of March 9, 1905, to apply to this district court in legal form for a judicial administration of the property of the deceased, Feliciano Carbia Ruza, who died, leaving a will, on June 7, 1891, continuing the proceedings to the settlement of the estate of said testator, and holding that a decision as to the other matters prayed for in the complaint could not be given for the present nor in this action; and ordering, furthermore, that execution should issue for the satisfaction of this judgment, which was to be entered in the proper book, as in fact it was entered on the 6th of October of said year.

The defendants, Manuel Carbia Ruza and Awilda Burt, took an appeal from this judgment and, through their counsel, submitted to this Supreme Court copies, certified to by him, of the complaint, the answer, the instrument of the liquidation of the firm of Successors of J. Sala & Co., a statement of personal accounts, accounts of commercial firms and of estates entered in the profit-and-loss account as impossible of collection, a statement of distribution of the cash, securities and good accounts; the will of Feliciano Carbia Ruza, a brief of the defendants, the judgment, the notice of appeal, and the return of the service of such notice upon the plaintiff.

In the brief of the appellant the reversal of the judgment appealed from is prayed for, because it is alleged that it violates section 188 of the Code of Civil Procedure, which provides that "a judgment is a final determination of the rights of the parties in an action or proceeding," the violation consisting in that the court has not only determined the rights

of the parties, but also determined other matters not discussed either in the complaint or the answer.

It is also alleged that section 876 of the Civil Code was violated, which section defines the powers of executors, and which, with its concordant section 1024 of said Code, the San Juan court should have borne in mind in dismissing the complaint of the plaintiff.

Also, that section 23 of the Act of March 9, 1905, has been violated, having been improperly applied, in that the provisions of said section 23 are optional and not obligatory, as is revealed by the verb *may* employed in said section.

And, finally, that section 1020 of the Civil Code has been violated, said section providing that "every coheir having the free administration and disposal of his property may, at any time, request the division of the estate," which provision the district court should have applied, and referred the litigants to the proper testamentary action.

The respondent opposes the appeal, alleging that as the appellant has not presented any bill of exceptions or statement of facts, this Supreme Court cannot ascertain nor discuss the errors which may have been committed in the findings on the evidence; and as to the main issue, he maintains that the judgment is just in every respect.

Let us now see whether the judgment is in accord with the complaint and answer. The former prayed that Manuel Carbia Ruza, one of the defendants and the testamentary executor of the deceased, Feliciano Carbia, should be adjudged to settle the estate, which prayer, like all the rest, was opposed by the defendants, and the lower court orders in its judgment, in view of the act relating to special legal proceedings, that the defendant executor make a petition for the judicial administration of the property left by the testator, Feliciano Carbia, continuing the proceedings to the settlement of the estate. With regard to the other prayers of the complaint, the judgment holds that decision thereon cannot be given for the present nor in this action.

Now then, a judgment which recognizes the right of the plaintiff to demand the performance of duties imposed upon the defendant by the law cannot fail to be in accord with the prayer in such respect, even though it direct the postponement to the proper time and place of the decision upon the other points in the complaint, which are undoubtedly subordinate to the ascertainment of the hereditary estate, its division and distribution, as are the rendition of accounts and the delivery of the share of the estate due the plaintiff.

Among the obligations imposed by the law upon testamentary executors is that of making a petition for the judicial administration of the property of a decedent, and if this be ordered, and it be further ordered that the proceedings be continued to the settlement of the estate, which was the first prayer in the complaint, it must be agreed that the judgment is in accord therewith as it decided all the prayers, because the postponement of action upon matters which, in view of the status of this matter, could not be definitely and finally settled, also constitutes a decision.

It cannot be said that the judgment violated section 876 of the Civil Code relating to the powers of executors, nor its concordant section 1024, because it is only sought to have the defendant executor comply with obligations imposed upon him by the act relating to special legal proceedings in force, among which is surely not that of a commissioner to make the partition or division of the estate, but section 67 of said act approved March 9, 1905, does impose upon him the obligation of applying for the appointment of persons to do such work; and this is surely what is intended by the judgment when it orders that the proceedings be continued to the settlement of the estate; that is to say, that he, as such executor, perform all the acts which are incumbent upon him in accordance with the law.

There is no use in alleging in opposition to this that such a petition cannot be made, because as such executor he is not and never has been in possession of the estate. These are

questions of fact upon which the trial judge has formed his opinion from the result of the documentary evidence and the testimony of the witnesses, and we cannot tell in this case whether he erred in his findings, because no bill of exceptions or statement of facts has been presented here in the form prescribed by law. Consequently it is necessary to assume that his findings are correct.

Nor has section 1020 of the Civil Code been violated, because the judgment appealed from does not deny the right of every coheir having the free administration of his property to apply for the partition of the estate, the judgment being confined to providing a practical means of enforcing a performance of the duties imposed upon executors by the act relating to special legal proceedings.

Finally, it is alleged that section 23 of the law just cited has been violated by improper application, because the verb "may" employed shows that compliance with the provisions thereof is optional or discretional and not obligatory; and, consequently, that the executor is not obliged to apply for the judicial administration of the property of the decedent, as the judgment imperatively and specifically orders.

But the judge does not cite section 23 specifically and alone, but says "and in compliance with the provisions of section 23 *et seq.* of the act relating to special legal proceedings, approved March 9, 1905," as he could have cited chapter 5 of title 1 of said law, and in said chapter and in the word *seq.* is comprised section 25, which declares a judicial administration to be necessary where there is an heir who is a minor, as in this case; and then follows section 26, also, which specifically imposes upon the executor the obligation of applying for the judicial administration of the property of the deceased. It is thus seen that no attempt is being made to compel an act which is optional on the part of the person who is to perform it, but that, on the contrary, only a duty is involved enforceable under the law, which in this case seeks to protect the interests and rights of minors.

On the other hand, it is but just that an end be put to a state of affairs which has been going on for fourteen years. It is necessary that the amount of the estate be fixed, the contributions to the marriage, if there were any, the debts of the deceased, etc.; and in order to arrive at a conclusion of the amount due each heir, if anything de due, it is indispensable that the executor comply with the duties imposed upon him by the law in force, which action cannot prejudice him in any way, if, as is to be assumed, he has acted as he should have, but which will contribute, by the performance of the acts entrusted to him, to put an end to an unbearable situation which has become more so since an heir claims his rights.

In view of the reasons stated, the judgment appealed from should be affirmed, with the costs of the appeal against the appellants.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, MacLeary and Wolf concurred.